## Alfonso G. Mahony, Plaintiff in Error, v. Charles F. Van Winkle and Inter Ocean Newspaper Company, Defendants in Error.

### Gen. No. 19,189. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed March 31, 1914.

### Statement of the Case.

Action by Alfonso G. Mahony against Charles F. Van Winkle and Inter Ocean Newspaper Company, a corporation, for a libelous publication concerning plaintiff in a newspaper called the Inter Ocean, which charged the plaintiff with asking payment of a bribe as building inspector. A demurrer to the original declaration was sustained. Thereafter an amended declaration was filed, the first count of which was substantially the same as the original declaration, which was in one count. The amended declaration was filed after the statute of limitations had run. Demurrers to the first count of the amended declaration were sustained and demurrers to pleas of the statute of limitations filed to the second count were overruled. To reverse the orders sustaining the demurrers to the first count and overruling the demurrers to the pleas of the statute of limitations, plaintiff brings error.

EDWARD J. KELLEY and CHARLES C. SPENCER, for plaintiff in error .

EDWARD H. MORRIS and JAMES J. BARBOUR, for defendants in error.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. LIBEL AND SLANDER, § 100*—*when count in declaration demurrable*. In an action for libel, a count in the declaration alleging that the libel accused plaintiff of asking payment of a bribe as a building inspector, *held* demurrable for the reason that it contained no inducement or colloquium, and lacked the averments that there was an office in the city of building inspector; that the plaintiff was such inspector and had such duties to perform; that the building was in the city and that a permit was necessary; and that the city had provided by ordinance rules relating to the erection or alteration of buildings, and there was no averment that any fee was required for a permit.

2. LIBEL AND SLANDER, § 96*—*necessity of inducement*. Where a count is totally lacking in the inducement, the requirement of an inducement cannot be supplied in those portions of the count called the innuendos.

3. LIMITATION OF ACTIONS, § 67*—*when amended count in declaration does not set up new cause of action*. An amended count in an action for libel does not set up a new cause of action where the cause of action stated in both the original and amended counts refers to the publication of the same alleged libelous matter.